1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Federal Trade Commission, | 15MC1053 |
|---|---|
| Plaintiff, | No. CV-15-01578-PHX-JJT |
| v. | **ORDER** |
| Vemma Nutrition Company, *et al.*, | **FILED UNDER SEAL** |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC") filed its Complaint for Permanent Injunction and Other Equitable Relief against Vemma Nutrition Company, Vemma International Holdings, Inc., Benson K. Boreyko a/k/a B.K. Boreyko, and Tom Alkazin as Defendants, and Bethany Alkazin as Relief Defendant, under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and moved for an *ex parte* temporary restraining order, asset freeze, and a preliminary injunction hearing under Rule 65 of the Federal Rules of Civil Procedure.  The Court has considered the Complaint, declarations, exhibits, and memorandum of law filed in support (Docs. 3, 4, 9-15, filed under seal) and finds that:

## FINDINGS

1.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties.

2.      This Court is a proper venue for this case.

3.     The Complaint states a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

4.     Section 13(b) of the FTC Act allows this Court to grant the FTC a preliminary injunction upon a showing that, weighing the equities and considering the FTC's ultimate likelihood of success, a preliminary injunction is in the public interest. 15 U.S.C. § 53(b).

5.     In deciding whether to grant preliminary relief, the Court must: (a) consider the likelihood that the FTC will ultimately succeed on the merits; and (b) balance the equities. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1233 (9th Cir. 1999).  The FTC "need not show irreparable harm to obtain a preliminary injunction." *Id.* at 1233 (quoting *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1159 (9th Cir. 1984)).

6.     The FTC has shown a likelihood that it will ultimately succeed on the merits. Based upon the evidence presented, there is good cause to believe that Defendants have violated Section 5(a) of the FTC Act by:

a)     Operating an illegal pyramid scheme;

b)     Falsely representing that members of the Vemma program ("Affiliates") are likely to earn substantial income;

c)     Representing that individuals have earned substantial income from participation in the Vemma program and that consumers who become Vemma Affiliates have the ability to earn substantial income, while failing to disclose, or disclose adequately, that Vemma's structure ensures that most consumers who become Vemma Affiliates will not earn substantial income; and

d)     Providing the means and instrumentalities for the commission of deceptive acts and practices by furnishing Vemma Affiliates with promotional materials to be used in recruiting new participants that contain false and misleading representations.

7.     A proper balance of the equities in this matter favors the FTC.

a)      Based upon the evidence presented, there is good cause to believe that:

i)      Defendants are violating and, unless enjoined by this Court, will continue to violate Section 5(a) of the FTC Act;

ii)      Consumers nationwide have suffered and, unless enjoined by this Court, will continue to suffer harm including economic injury as a result of Defendants' violations of Section 5(a) of the FTC Act; and

iii)      Defendants have received and, unless enjoined by this Court, will continue to receive, ill-gotten gains as a result of their violations of Section 5(a) of the FTC Act;

b)      This Court finds that the public interest is served by:

i)      Enjoining deceptive or unfair acts or practices that violate the law;

ii)      Maintaining the *status quo* over assets and business documents relating to Defendants' alleged law violations until a fair and impartial hearing may be held; and

iii)      Preserving the Court's ability to award full and effective final relief at trial or other disposition of this matter;

c)      This Court further finds that, under the facts presented, the private interests of Defendants do not outweigh the public interest in enjoining future law violations, protecting assets or documents, or preserving the Court's ability to award effective full and final relief.

8.      The Federal Rules of Civil Procedure permit this Court to issue an *ex parte* temporary restraining order where specific facts clearly show a likelihood that immediate and irreparable injury, loss, or damage will result if notice is provided. Fed. R. Civ. P. 65(b)(1).  As stated above, the FTC is likely to succeed in demonstrating that Defendants are violating and, unless enjoined by this Court, will continue to violate Section 5(a) of the FTC Act.  There is good cause to believe that immediate and irreparable damage to

the FTC's ability to obtain effective final relief on behalf of consumers—including rescission or reformation of contracts, restitution, refunds of monies paid, and disgorgement of ill-gotten monies—will occur from the sale, transfer, or other disposition or concealment by Defendants of assets and/or business documents or records, if Defendants are provided with advance notice of this Order.  Therefore, in accordance with Rule 65(b)(1), the interests of justice require that this Order be entered without prior notice to Defendants.  In making this determination, the Court relies upon the following:

  a) In the FTC's law enforcement experience, defendants who receive notice of the filing of an action by the FTC often attempt to immediately dissipate assets or destroy documents. The FTC has provided, in its Rule 65(b)(1)(B) declaration, numerous examples of defendants who have or have attempted to interfere with the Court's ability to award full and effective final relief by dissipating assets or destroying documents. Such conduct is likely in cases such as this, where defendants have generated hundreds of millions of dollars using business practices permeated by deception.

  b) Additionally, Corporate Defendants have connections to associated companies and bank accounts in foreign jurisdictions, including Kenya, China, Canada, Australia, Mexico, Taiwan, Singapore, and Vietnam. Corporate Defendants can easily transfer assets to these foreign bank accounts and have done so repeatedly.  Through his control over Corporate Defendants, Defendant Benson K. Boreyko can take advantage of these connections and accounts to dissipate assets.

  c) Corporate Defendants have commingled funds, with one depositing the checks of the other, including state tax refund checks, and paying the other's credit card statements.

  9. The FTC has established that it is likely to succeed in proving that Defendants collectively have engaged in a course of conduct to deceive consumers

nationwide out of hundreds of millions of dollars.  The same factors that justify issuance of relief on an *ex parte* basis also establish that an asset freeze is appropriate.

10.     Because the FTC is likely to succeed on the merits of its Complaint, the balance of the equities tips in the FTC's favor considering the public interest, and immediate and irreparable harm, including the dissipation of assets, is likely absent immediate injunctive relief, this Court finds that an *ex parte* temporary restraining order with an asset freeze and receivership provisions is warranted.

11.     The United States, its officers, and its agencies are not required to give security before issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

A.     **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to any item of economic value, in whole or part, whether tangible or intangible, including, but not limited to, accounts, accounts receivable, cash, certificates of deposit, chattels, checks, contracts, credits, currency, fixtures, funds, equipment, income, intellectual property, inventory, instruments, investments, leaseholds, lines of credit, mail, notes, personal property, real property, revenues, securities, shares of stock, trusts, or any interest therein, whether located within or outside the United States.

B.     **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.      On a product label, the disclosure must be presented on the principal display panel.

6.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

7.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

8.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

9.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that audience.

C.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

1.      **"Individual Defendants"** means Benson K. Boreyko a/k/a B.K. Boreyko and Tom Alkazin, and by whatever other names each may be known.

2.      **"Corporate Defendants"** or **"Receivership Defendants"** means Vemma Nutrition Company and Vemma International Holdings, Inc., and their successors and assigns, as well as any subsidiaries, fictitious business entities, or

6

business names created or used by these entities, or by entities owned or controlled by the Individual Defendants, that are related to, or receive funds from, the sale of health and wellness products or business opportunities related to health and wellness products.

D.     **"Document"** means the complete original and any non-identical copy (whether different from the original because of notations or otherwise) of any electronically stored information or filed, graphic, imaged, printed, punched, texted, transcribed, typed, or written matter of every type and description, including, but not limited to, writings, drawings, graphs, charts, photographs, sound records, images, and other data or data compilations that are stored in any medium from which information can be obtained either directly or indirectly or, if necessary, translated into a reasonably usable form.

E.     **"Financial institution"** means insured bank, commercial bank or trust company, private banker, agency or branch of a foreign bank whether located within or outside the United States, credit union, thrift institution, broker or dealer registered with the Securities and Exchange Commission, broker or dealer in securities or commodities, whether or not registered with the Securities and Exchange Commission, investment banker or investment company, currency exchange, issuer, redeemer, or cashier of travelers' checks, checks, money orders, or similar investments, operator of a credit card system, insurance company, dealer in precious metals, stones, or jewels, pawnbroker, loan or finance company, licensed sender of money or other person who engages as a business in the transmission of funds, telegraph company, persons involved in real estate closings and settlements, casino, or gaming establishment.

F.     **"Marketing Program"** includes, but is not limited to, any multi-level marketing program, business opportunity, pyramid marketing scheme, Ponzi scheme, or chain marketing scheme.

G.     **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

H.    **"Person"** means an individual, organization, financial institution, or other legal entity, including, but not limited to, an association, cooperative, corporation, limited liability company, partnership, proprietorship, or trust, or combination thereof.

I.    **"Temporary Receiver"** means the receiver appointed in Section X of this Order and any deputy receivers that shall be named by the Temporary Receiver.

**ORDER**

**IT IS HEREBY ORDERED** granting Plaintiff Federal Trade Commission's *Ex Parte* Application for Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, and Other Equitable Relief (Doc. 4, filed under seal).

**I.        PROHIBITED BUSINESS ACTIVITIES**

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, or operation of any Marketing Program, are temporarily restrained and enjoined from:

A.    Engaging in, participating in, or assisting others in engaging in or participating in, any Marketing Program that:

1.    Pays compensation for recruiting new members;

2.    Encourages or incentivizes members to purchase goods or services to maintain eligibility for bonuses, rewards, or commissions rather than for resale or personal use;

3.    Induces others to encourage or incentivize members to purchase goods or services to maintain eligibility for bonuses, rewards, or commissions rather than for resale or personal use;

4.    Pays any compensation related to the purchase or sale of goods or services unless the majority of such compensation is derived from sales to or purchases by persons who are not members of the Marketing Program; or

5.    Constitutes a pyramid scheme;

B.     Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that consumers who participate in a Marketing Program will receive or are likely to receive substantial income;

C.     Failing to disclose, clearly and conspicuously, to any prospective member in any Marketing Program to whom any earnings, profits, or sales volume claims have been made:

     1.     The number and percentage of Marketing Program members who have made a profit through their participation in the Marketing Program;

     2.     The beginning and ending dates when the represented earnings, profits, or sales volume were achieved; and

     3.     The average and median amount of profit made by each Marketing Program member; and

D.     Furnishing materials to be used in recruiting new members in a Marketing Program that contain false or misleading representations.

## II.     PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are temporarily restrained and enjoined from:

A.     Failing to maintain accounts, bank statements, books, cash disbursements ledgers and source Documents, cash receipts ledgers, current accountants' reports, Documents indicating title to real or personal property, general journals, general ledgers, records, and any other data which, in reasonable detail, accurately and fairly reflect the disbursements, dispositions, incomes, transactions, and uses of Defendants' Assets;

B.     Altering, concealing, destroying, erasing, mutilating, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents that relate in

any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.  Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the FTC with a written statement disclosing:  (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## III.      PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are temporarily restrained and enjoined from:

A.  Leasing, renting, or selling the address, bank account number, birth date, credit card number, e-mail address, name, Social Security number, telephone number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with the advertising, marketing, promoting, offering for sale, sale, or provision of a good, service, or program; and

B.  Benefitting from the address, bank account number, birth date, credit card number, e-mail address, name, Social Security number, telephone number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with the advertising, marketing, promoting, offering for sale, sale, or provision of a good, service, or program.

*Provided,* however, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or Court Order.

**IV.      ASSET FREEZE**

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are temporarily restrained and enjoined from:

A.      Assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning, pledging, selling, spending, transferring, or withdrawing any Asset that is:

1.      Owned or controlled by, or held for the benefit of, Corporate Defendants or Defendant Benson K. Boreyko, directly or indirectly; or

2.      In the actual or constructive possession of Corporate Defendants or Defendant Benson K. Boreyko; or

3.      Held as a retainer or deposit for the provision of goods or services to Corporate Defendants and Defendant Benson K. Boreyko; or

4.      Owned, controlled by, in the actual or constructive possession of, or otherwise held for the benefit of any entity directly or indirectly owned, managed or controlled by Corporate Defendants or Defendant Benson K. Boreyko;

B.      Opening or causing to be opened any safe deposit box, commercial mail box, or storage facility belonging to or for the use or benefit of, under the control of, or subject to access by Corporate Defendants or Defendant Benson K. Boreyko;

C.      Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of Corporate Defendants or Defendant Benson K. Boreyko;

D.      Obtaining or providing a personal or secured loan that encumbers an asset of Corporate Defendants or Defendant Benson K. Boreyko; and

E.    Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of Corporate Defendants or Defendant Benson K. Boreyko.

The Assets affected by this Section shall include both existing Assets and Assets acquired after the effective date of this Order.

**V.    DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS**

**IT IS FURTHER ORDERED** that any person that has, or at any time has had custody or control over an Asset belonging to, for the use or benefit of, under the control of or subject to access by, Corporate Defendants or Defendant Benson K. Boreyko, and is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.    Hold and retain any such Assets that are within its control and prohibit Defendants from assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning, pledging, selling, spending, transferring, or withdrawing any such Asset except

    1.    As directed by further order of the Court; or

    2.    As directed in writing by the Temporary Receiver (regarding an Asset of the Receivership Defendants); or

    3.    By written stipulation of the FTC and Corporate Defendants or Defendant Benson K. Boreyko;

B.    Deny Defendants access to any safe deposit box, commercial mail box or storage facility belonging to, for the use or benefit of, under control of, or subject to access by Corporate Defendants or Defendant Benson K. Boreyko;

C.    Within five (5) business days after being served a copy of this Order, provide counsel for the FTC and the Temporary Receiver a certified statement setting forth:

1.     The identification number of each account or Asset belonging to, for the use or benefit of, under the control of, or subject to access by Corporate Defendants or Defendant Benson K. Boreyko;

2.     The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is received, and, if the account or other Asset has been closed or removed, or more than $5,000 withdrawn or transferred from it, the date of the closure or removal of the funds, the total funds removed or transferred, and the name of the person or entity to whom such account or other Asset was remitted; and

3.     The identification and location of any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by Corporate Defendants or Defendant Benson K. Boreyko, and if the safe deposit box, storage facility, commercial mail box, or storage facility has been closed or removed, the date closed or removed; and

D.     Within five (5) business days of a written request from the FTC or Temporary Receiver, provide to the FTC or Temporary Receiver copies of all Documents relating to each Asset, including, but not limited to account applications, statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## VI.     SERVICE OF ORDER UPON THIRD PARTIES AND FINANCIAL INSTITUTIONS

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the FTC or the Temporary Receiver, by any law enforcement agency, or by process server, upon any person, including financial institutions, that may have possession, custody, or control over any Asset or Document belonging to, for the use or benefit of, under the control of, or subject to access by

Corporate Defendants or Defendant Benson K. Boreyko, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall constitute service upon the entire financial institution.

**VII.        FINANCIAL STATEMENTS AND ACCOUNTING**

**IT IS FURTHER ORDERED** that Corporate Defendants and Defendant Benson K. Boreyko shall each:

A.        Within five (5) business days after service of this Order, prepare and provide to the FTC and the Temporary Receiver complete and accurate financial statements, on the forms attached as **Attachments A** and **B** to this Order, disclosing all personal Assets and Assets of corporations, partnerships, trusts or other entities that Corporate Defendants or Defendant Benson K. Boreyko owns or controls, jointly or individually;

B.        Within five (5) business days after service of this Order, prepare and provide to the FTC and the Temporary Receiver complete and accurate copies of federal and state income tax forms, including all schedules and attachments, for the three most recent filing years;

C.        Immediately upon service of this Order, provide access to Documents held by persons located outside the United States by signing the Consent to Release Financial Records attached to this Order as **Attachment C**; and

D.        Provide copies of such other Documents as the FTC or the Temporary Receiver may request in order to monitor Defendants' compliance with the provisions of this Order.

**VIII.       REPATRIATION OF ASSETS AND DOCUMENTS**

**IT IS FURTHER ORDERED** that immediately upon service of this Order, Corporate Defendants and Defendant Benson K. Boreyko shall:

A.        Take such steps as are necessary to transfer to the United States all Documents and Assets that are located outside the United States and belong to, are for the

use or benefit of, under the control of, or subject to access by Corporate Defendants or Defendant Benson K. Boreyko; and

B.      Hold and retain all repatriated Assets and prevent the disposition, transfer, or dissipation of such Assets except as required by this Order.

## IX.      INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Corporate Defendants and Defendant Benson K. Boreyko, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are temporarily restrained and enjoined from taking any action that may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by Section VIII of this Order, including:

A.      Sending any statement, letter, fax, email or wire transmission, telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time as all Assets have been fully repatriated according to Section VIII of this Order; or

B.      Notifying any trustee, protector, or other agent of Corporate Defendants or Defendant Benson K. Boreyko of the existence of this Order, or of the fact that repatriation is required under a Court Order, until such time as all Assets have been fully repatriated according to Section VIII of this Order.

## X.      APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Robb Evans, together with his firm Robb Evans and Associates LLC, is appointed Temporary Receiver for the Receivership Defendants, with the full power of an equity receiver.  The Temporary Receiver shall be the agent of this Court when serving as Temporary Receiver under this Order, and shall comply with the Federal Rules of Civil Procedure and Local Rules of this Court.

**XI.**     **TEMPORARY RECEIVER'S BOND**

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court a bond in the sum of $50,000.00 with sureties to be approved by the Court, conditioned that the Temporary Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

**XII.**     **DUTIES OF TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to accomplish the following:

A.     Assume full control of the Receivership Defendants by removing, as the Temporary Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.     Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or control of, the Receivership Defendants, wherever situated. The Temporary Receiver shall have full power to divert mail and to sue for, collect, receive, take possession of, hold, and manage all Assets and Documents of the Receivership Defendants and other persons whose interests are now under the direction, possession, custody, or control of, the Receivership Defendants. The Temporary Receiver shall assume control over the income and profits and all sums now or hereafter due or owing to the Receivership Defendants. *Provided*, however, that the Temporary Receiver shall not attempt to collect any amount from a consumer if the Temporary Receiver believes the consumer was a victim of the unlawful conduct alleged in the Complaint in this matter;

C.     Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Temporary Receiver may in good faith deem to be necessary or advisable to operate the business profitably and lawfully, if at all; provided however, that the continuation and conduct of the business shall be

conditioned upon the Temporary Receiver's good faith determination that the business can be lawfully operated at a profit using the Assets of the receivership estate;

      D.     Take all steps necessary to secure the business premises of the Receivership Defendants. Such steps may include, but are not limited to, any of the following, as the Temporary Receiver deems necessary or advisable:

          1.     Serving this Order;

          2.     Completing a written inventory of all Receivership Assets;

          3.     Obtaining pertinent information from all employees and other agents of the Receivership Defendants, including the name, home address, Social Security number, job description, method of compensation, user names or passwords needed to access Receivership Defendants' Documents, and all accrued and unpaid commissions and compensation of each such employee or agent;

          4.     Videotaping and/or photographing any or all portions of the location;

          5.     Securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

          6.     Opening and inventorying any safety deposit box, commercial mail box, or storage facility held in the name of any Receivership Defendant, either individually or jointly, or subject to access by any Receivership Defendant; and

          7.     Requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Temporary Receiver with proof of identification, or to demonstrate to the satisfaction of the Temporary Receiver that such persons are not removing from the premises Assets or Documents of the Receivership Defendants;

      E.     Conserve, hold, and manage all Receivership Assets, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership

Defendants, including, but not limited to, obtaining an accounting of the Assets and prohibiting transfer, withdrawal, or misapplication of Assets;

F.     Enter into and cancel contracts and purchase insurance as the Temporary Receiver deems to be necessary or advisable;

G.     Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

H.     Manage and administer the business of the Receivership Defendants by performing all incidental acts that the Temporary Receiver deems to be necessary or advisable, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Temporary Receiver deems necessary or advisable in the performance of duties and responsibilities under the authority granted by this Order;

J.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Temporary Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

K.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts, or arbitration proceedings as the Temporary Receiver deems necessary or advisable to preserve or recover the Assets of the Receivership Defendants, or that the Temporary Receiver deems necessary or advisable to carry out the Temporary Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers;

L.     Authorize the release of any copy or image of any website used or controlled by Receivership Defendants to the FTC;

M.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Temporary Receiver in the role of Temporary Receiver, or against the Receivership Defendants, as the Temporary Receiver deems necessary or advisable to preserve the Assets of the Receivership Defendants, or as the Temporary Receiver deems necessary or advisable to carry out the Temporary Receiver's mandate under this Order;

N.     Take depositions and issue subpoenas to obtain Documents pertaining to the receivership estate and compliance with this Order.  Subpoenas may be served by agents or attorneys of the Temporary Receiver and by agents of any process server retained by the Temporary Receiver;

O.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Temporary Receiver shall deposit all funds of the Receivership Defendants in such designated account(s), and shall make all payments and disbursements from the receivership estate from such account(s);

P.     Maintain accurate records of all receipts and expenditures incurred as Temporary Receiver;

Q.     Take whatever action is necessary to ensure that any website used by any Defendant related to the advertising, marketing, promoting, offering for sale, sale, or provision of any good, service, plan, or program associated with Corporate Defendants Vemma Nutrition Company or Vemma International Holdings, Inc., including the website located at http://www.Vemma.com, shall include a prominent statement notifying the reader of the present action and Order and directing the reader to contact the Temporary Receiver or the FTC for additional information; and

R.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

**XIII.**      **ACCESS TO BUSINESS PREMISES AND RECORDS**

**IT IS FURTHER ORDERED** that:

A.      Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, shall allow the FTC and Temporary Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants immediate access to:

1.      The business premises and storage facilities owned, controlled, or used by any Receivership Defendant, including, but not limited, to the offices and facilities at or in the vicinity of 1621 W. Rio Salado Parkway, Tempe, Arizona, and any offsite commercial mail boxes used by any Receivership Defendant;

2.      Any premises where the Receivership Defendants conduct business, manufacturing, sales operations, or customer service operations; and

3.      Any premises where Assets or Documents related to the Receivership Defendants' businesses are stored or maintained;

B.      The FTC and the Temporary Receiver, and their representatives, agents, and assistants, are authorized to employ the assistance of law enforcement personnel, including police or sheriffs, as they deem necessary to effect service and to implement peacefully this Order. If requested by the FTC or Temporary Receiver, the U.S. Marshal will provide appropriate and necessary assistance to implement this Order. The Temporary Receiver may exclude Receivership Defendants and their employees from the business premises during the immediate access;

C.      The purpose of the immediate access shall be to inspect and copy the business and financial Documents of the Receivership Defendants, including, but not limited to, forensic imaging of electronically stored information. Such business Documents include, but are not limited to, correspondence, contracts, sales records, and financial data;

D.     The Temporary Receiver and the FTC shall have the right to remove any Documents related to Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied. The materials so removed shall be returned within five (5) business days of completing said inventory and copying;

E.     If any Assets or Documents relating to the Receivership Defendants' finances or business practices are located in the residence of any Defendant or are otherwise in the custody or control of any Defendant, then such Defendant shall produce them to the Temporary Receiver within forty-eight (48) hours of service of this Order;

F.     In order to prevent the destruction of electronically stored information, upon service of this Order upon Defendants, any computers used in Receivership Defendants' business shall be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access; and

G.     The Temporary Receiver shall have the discretion to determine the time, manner, and reasonable conditions of access to the Receivership Defendants' premises.

## XIV.     DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person with possession, custody, or control of Assets or Documents relating to the Receivership Defendants shall, upon notice of this Order by personal service or otherwise, immediately notify the Temporary Receiver of, and upon receiving a request from the Temporary Receiver, immediately deliver to the Temporary Receiver possession, custody, and control of, the following:

1.     All Assets of the Receivership Defendants;

2.     All Documents of the Receivership Defendants;

3.     All Assets belonging to members of the public now held by the Receivership Defendants;

4.      All computers and data in whatever form used to conduct the business of the Receivership Defendants; and

5.      All keys, codes, and passwords, entry codes, combinations to locks, and information or devices required to open or gain access to any Asset or Document, including, but not limited to, access to the business premises, computer servers, networks, or databases, or telecommunications systems or devices.

In the event any person or entity fails to deliver or transfer any Asset or otherwise fails to comply with any provision of this Section, the Temporary Receiver may file, on an *ex parte* basis, an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Temporary Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other thing and to deliver it to the Temporary Receiver.

## XV.      COOPERATION WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, shall fully cooperate with and assist the Temporary Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Defendants. This cooperation and assistance shall include:

A.      Providing information to the Temporary Receiver that the Temporary Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Temporary Receiver under this Order;

B.      Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver; and

C.      Transferring funds at the Temporary Receiver's direction and producing Documents related to the Assets and sales of the Receivership Defendants. The entities

obligated to cooperate with the Temporary Receiver under this provision include financial institutions and persons that have transacted business with the Receivership Defendants.

**XVI.      NON-INTERFERENCE WITH THE TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are temporarily restrained and enjoined from:

A.      Interfering with the Temporary Receiver managing, or taking custody, control, or possession of, the assets or documents subject to the receivership;

B.      Transacting any of the business of the Receivership Defendants;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Temporary Receiver; and

D.      Refusing to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

**XVII.     TEMPORARY RECEIVER'S REPORTS**

**IT IS FURTHER ORDERED** that the Temporary Receiver shall report to this Court on or before the date set for the Preliminary Injunction hearing regarding:

A.      The steps taken by the Temporary Receiver to implement the terms of this Order;

B.      The value of all Assets of the Receivership Defendants;

C.      The sum of all liabilities of the Receivership Defendants;

D.      The steps the Temporary Receiver intends to take in the future to:

1.      Prevent any diminution in the value of Assets of the Receivership Defendants;

2.     Pursue receivership Assets from third parties; and

3.     Adjust the liabilities of the Receivership Defendants, if appropriate;

E.     The Temporary Receiver's finding regarding the ability of the Receivership Defendants to operate legally and profitably; and

F.     Any other matters that the Temporary Receiver believes should be brought to the Court's attention.

*Provided*, however, if any of the required information would hinder the Temporary Receiver's ability to pursue receivership Assets, the portions of the Temporary Receiver's report containing the information may be filed under seal and not served on the parties.

## XVIII.     STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during pendency of the receivership ordered herein, Defendants and Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any person seeking to establish or enforce any right, title, interest, or claim against or on behalf of any Defendant, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Defendants, including:

A.     Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding;

B.     Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding against the Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.     Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any Asset; attempting to foreclose, forfeit, alter, or terminate any interest in any Asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

D.     Filing or enforcing any lien on any Asset of the Defendants, taking or attempting to take possession, custody, or control of any Asset of the Defendants; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

E.     Initiating any other process or proceeding that would interfere with the Temporary Receiver managing or taking custody, control, or possession of the Assets or Documents subject to this receivership.

*Provided* that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

XIX.     **COMPENSATION OF TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that the Temporary Receiver, and all persons hired by the Temporary Receiver as authorized by this Order, are entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them solely from the Assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants.  The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.

XX.     **EXPEDITED DISCOVERY**

**IT IS FURTHER ORDERED** that, in anticipation of the preliminary injunction hearing in this matter, the Temporary Receiver is authorized to conduct expedited discovery concerning Receivership Defendants' Assets, the products and business opportunities offered by Receivership Defendants, and the nature and location of the

Receivership Defendants' Documents and business records in accordance with the following provisions:

A.    The Temporary Receiver may take the depositions of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions;

B.    The Temporary Receiver may serve upon parties requests for production of documents or inspection that require production or inspection within five (5) calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five (5) calendar days of service;

C.    The Temporary Receiver may serve deposition notices and other discovery requests upon the parties to this action by facsimile or overnight courier; and

D.    Any discovery taken pursuant to this Order is in addition to, and is not subject to, the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court.

**XXI.        DISTRIBUTION OF ORDER BY DEFENDANTS**

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, servant, attorney, subsidiary, division, and representative of any Defendant.  Within five (5) business days following service of this Order, Defendants shall serve on the FTC an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person Defendants have served with a copy of this Order in compliance with this provision.

**XXII.       CONSUMER REPORTING AGENCIES**

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Action, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any consumer reporting agency from which such reports are requested shall provide them to the FTC.

## XXIII.    PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, under Rule 65(b), the parties shall appear before this Court in Courtroom 505, Sandra Day O'Connor United States Courthouse, 401 W. Washington St., Phoenix, Arizona 85003, on Thursday, September 3, 2015, at 9:00 a.m. (Arizona time) for a hearing on the FTC's motion for Preliminary Injunction and additional relief, including appointment of a permanent receiver over Corporate Defendants.

**IT IS FURTHER ORDERED** that there will be no direct examination of witnesses at the Preliminary Injunction hearing in this matter. Direct testimony shall be presented in the form of declarations or affidavits.  In ruling on whether a Preliminary Injunction will issue, the Court will consider the declarations or affidavits that have been served and filed in a timely manner prior to the Preliminary Injunction hearing without further need for any party to move the documents into evidence, and the Court will also hear any cross-examination of witnesses and consider oral argument by counsel.

## XXIV.    FILING OF FTC'S SUPPLEMENT AND DEFENDANTS' OPPOSITION TO ISSUANCE OF A PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that the FTC may file supplemental evidence discovered subsequent to the filing of its application for a TRO as well as a supplemental memorandum in support of its application for a Preliminary Injunction. The FTC shall file and serve any supplemental evidence and memorandum by no later than 4:30 p.m. (Arizona time) on Friday, August 28, 2015. The documents may be served on Defendants or each Defendant's counsel by email, fax, or same day courier.

**IT IS FURTHER ORDERED** that Defendants shall file and serve any opposition to the issuance of a Preliminary Injunction, including any declarations, affidavits, exhibits, memoranda or other evidence upon which they intend to rely, and objections to any evidence submitted by the FTC, by no later than 4:30 p.m. (Arizona time) on Monday, August 31, 2015. The documents may be served on the FTC or its counsel by email, fax or same day courier.

**XXV.      DURATION OF TEMPORARY RESTRAINING ORDER**

IT IS FURTHER ORDERED that, except as ordered by the Court, this Temporary Restraining Order granted herein shall expire within fourteen (14) days from the date and time of entry noted below, as computed by Federal Rule of Civil Procedure 6, unless within such time the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) days or unless it is further extended pursuant to Federal Rule of Civil Procedure 65 or by stipulation of counsel.

**XXVI.      RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 21st day of August, 2015, at 2:00 p.m. (Arizona time).


_____
Honorable John J. Tuchi
United States District Judge


Cc:      Angeleque Linville, Counsel for Plaintiff
         Ann LeJeune, Counsel for Plaintiff
         Emily Robinson, Counsel for Plaintiff
         Jason Moon, Counsel for Plaintiff

I hereby attest and certify on __8/27/201__
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my cus-
tody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
by _____ Deputy

28

**FEDERAL TRADE COMMISSION**

---

### FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

---

**Definitions and Instructions:**

1. Complete all items.  Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you.  If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.


**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571.

Attachment A

---

## BACKGROUND INFORMATION

### Item 1.  Information About You

| Full Name | Social Security No. | |
|---|---|---|

| Current Address of Primary Residence | Driver's License No. | State Issued |
|---|---|---|

| | Phone Numbers<br>Home:  (     )<br>Fax:  (     ) | Date of Birth:      /     /<br>(mm/dd/yyyy) |
|---|---|---|
| | | Place of Birth |

| ☐Rent  ☐Own      From (Date):      /     /<br>(mm/dd/yyyy) | E-Mail Address |
|---|---|

| Internet Home Page |
|---|

**Previous Addresses for past five years** (if required, use additional pages at end of form)

| Address | From:      /     /<br>(mm/dd/yyyy)      Until:      /     /<br>(mm/dd/yyyy)<br><br>☐Rent  ☐Own |
|---|---|
| Address | From:      /     /      Until:      /     /<br><br>☐Rent  ☐Own |
| Address | From:      /     /      Until:      /     /<br><br>☐Rent  ☐Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2.  Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>/     /<br>(mm/dd/yyyy) |
|---|---|---|
| Address (if different from yours) | Phone Number<br>(     ) | Place of Birth |
| | ☐Rent  ☐Own      From (Date):      /     /<br>(mm/dd/yyyy) | |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title |
|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

### Item 3.  Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>/     /<br>(mm/dd/yyyy) |

### Item 4.  Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(     ) |
|---|---|

Initials: _____

## Item 5. Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |

## Item 6. Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year | Income |
| Ownership Interest? ☐ Yes ☐ No | | | 20 | $ |
| Positions Held | From (Month/Year) / | To (Month/Year) / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year) / | To (Month/Year) / | Year | Income |
| Ownership Interest? ☐ Yes ☐ No | | | 20 | $ |
| Positions Held | From (Month/Year) / | To (Month/Year) / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year) / | To (Month/Year) / | Year | Income |
| Ownership Interest? ☐ Yes ☐ No | | | 20 | $ |
| Positions Held | From (Month/Year) / | To (Month/Year) / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

**Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse**

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:  At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Item 8.  Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your assets and liabilities, include ALL assets and liabilities located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9. Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a.  Amount of Cash on Hand  $ | | Form of Cash on Hand | | |
|---|---|---|---|---|
| b.  Name on Account | Name & Address of Financial Institution | Account No. | | Current Balance |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

### Item 10.  Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials: _____

## Item 11.  Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## Item 12.  Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |

## Item 13.  Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
|  | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|  | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
|---|---|---|---|---|
|  | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ | |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
|  | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ | |

Initials: _____

## Item 15.  Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|---|---|---|
| | $ | /   / |
| | $ | /   / |
| | $ | /   / |

## Item 16.  Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17.  Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

**Item 18.  Real Property**
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | **Monthly Payment** $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | **Monthly Payment** $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

## LIABILITIES

**Item 19.  Credit Cards**
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 20.  Taxes Payable**
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

**Item 21.  Other Amounts Owed by You, Your Spouse, or Your Dependents**
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>   /   /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>   /   /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

## OTHER FINANCIAL INFORMATION

**Item 22.  Trusts and Escrows**
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established<br>(mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| |   /   / | | | $ |
| |   /   / | | | $ |
| |   /   / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

**Item 23.  Transfers of Assets**
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date<br>(mm/dd/yyyy) | Type of Transfer<br>(e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ |   /   / | |
| | | $ |   /   / | |
| | | $ |   /   / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

**Item 24. Document Requests**
Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22.  Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

**Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

**Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents**
Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

**Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.)**

| | | | |
|---|---|---|---|
| Distributions from Trusts and Estates Source: | $ | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements Source: | $ | Other Insurance Premiums | $ |
| Social Security Payments | $ | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | $ |
| **Other Income (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Income** | $ | **Total Expenses** | $ |

## ATTACHMENTS

**Item 27.  Documents Attached to this Financial Statement**
List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on:


_____                    _____

(Date)                             Signature

## FEDERAL TRADE COMMISSION

### FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  The font size within each field will adjust automatically as you type to accommodate longer responses.

3.  In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

6.  Type or print legibly.

7.  An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

Attachment B

## BACKGROUND INFORMATION

**Item 1.**          **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**          **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**          **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

**Item 4.**      **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

<u>Name & Address</u>                                                 <u>% Owned</u>

_____   _____

_____   _____

_____   _____

_____   _____

**Item 5.**      **Board Members**

List all members of the corporation's Board of Directors.

<u>Name & Address</u>                          <u>% Owned</u>   <u>Term (From/Until)</u>

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

**Item 6.**      **Officers**

List all of the corporation's officers, including _de facto_ officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

<u>Name & Address</u>                                                 <u>% Owned</u>

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

Page  3                                                      Initials _____

**Item 7.**       **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**       **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**       **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.  A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Initials _____

**Item 10.**      **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |

**Item 11.**      **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
|                                   |                  |
|                                   |                  |
|                                   |                  |
|                                   |                  |

**Item 12.**      **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |

Initials _____

**Item 13.**        **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 14.**          **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

<u>**Item 15.**</u>      **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

<u>**Item 16.**</u>      **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| <u>Owner's Name</u> | <u>Name & Address of Depository Institution</u> | <u>Box No.</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**FINANCIAL INFORMATION**

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

<u>**Item 17.**</u>      **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| <u>Federal/<br>State/Both</u> | <u>Tax Year</u> | <u>Tax Due<br>Federal</u> | <u>Tax Paid<br>Federal</u> | <u>Tax Due<br>State</u> | <u>Tax Paid<br>State</u> | <u>Preparer's Name</u> |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

Initials _____

**Item 18.**     **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |

**Item 19.**     **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

|                        | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------------------------|----------------------|------------|-------------|-------------|
| Gross Revenue          | $                    | $          | $           | $           |
| Expenses               | $                    | $          | $           | $           |
| Net Profit After Taxes | $                    | $          | $           | $           |
| Payables               | $                    |            |             |             |
| Receivables            | $                    |            |             |             |

**Item 20.**     **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____     Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|-----------------------------------------|------------------------|-------------|-----------------|
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |

Initials _____

**Item 21.**          **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**          **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Initials _____

**Item 23.**      **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**      **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Initials _____

<u>**Item 25.**</u>　　　**Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


<u>**Item 26.**</u>　　　**Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Initials _____

**Item 27.**        **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**        **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 29.**        **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
| --- | --- | --- | --- | --- |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

Initials _____

**Item 30.**        **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $ _____ | $ _____ | $ _____ | _____ _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ _____ |

**Item 31.**        **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $ _____ | _____ | _____ |
| _____ | _____ | $ _____ | _____ | _____ |
| _____ | _____ | $ _____ | _____ | _____ |
| _____ | _____ | $ _____ | _____ | _____ |
| _____ | _____ | $ _____ | _____ | _____ |

Initials _____

<u>**Item 32.**</u>        **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

| <u>Item No. Document<br>Relates To</u> | <u>Description of Document</u> |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

 

      I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____        _____
(Date)                                   Signature

                                         _____
                                         Corporate Position

Initials _____

## Consent to Release of Financial Records

I, _____, of the State of _____ in the

United States of America, do direct any bank or trust company at which I have a bank

account of any kind or at which a corporation or other entity has a bank account of any

kind upon which I am authorized to draw, and direct the bank or trust company's officers,

employees and agents, to disclose all information and deliver copies of all documents of

every nature in your possession or control that relate to the bank accounts to any attorney

of the Federal Trade Commission, and to give evidence relevant to the matter of the

*Federal Trade Commission v. BunZai Media Group, Inc., et al.*, Civ. Action No.

_____, now pending in the United States District Court for the Central District of

California, and this shall be irrevocable authority for so doing. This direction is intended

to apply to the laws of countries other than the United States which restrict or prohibit the

disclosure of bank information without the consent of the holder of the account, and shall

be construed as consent with respect thereto, and shall apply to any bank accounts for

which I may be a relevant principal.

Dated: _____ ____, 2015

Signature: _____

Printed full name: _____

I hereby attest and certify on 8/27/2015
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my cus-
tody.
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
by _____ Deputy

Attachment C